**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

███████████████ .,

        **Plaintiff,**

v.

**THE UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,**

        **Defendants.**

**Civil Action No. 1:25-CV-_____**

**VERIFIED COMPLAINT**

Plaintiff, ████████ . ("Plaintiff" or ██████), by undersigned counsel, hereby complains of the Unincorporated Associations Identified on Schedule A ("Defendants"), and Plaintiff's Complaint hereby alleges as follows:

**THE NATURE OF THIS ACTION**

1.    Plaintiff brings this action against Defendants pursuant to the Federal Copyright Act, 17 U.S.C. § 101, et seq., for infringement of United States Copyright Registration No. ████ ██████ ("the ███ Registration"), ██████████ ("the ███ Registration"), and Pau ████████ ("the ███ Registration") collectively referred to as the "Copyrights-in-Suit."

2.    Plaintiff obtained the Copyrights-in-Suit to protect the creative content of its principal product the ████████████ , a ████████████████████████████ using advanced materials and technology. A true and correct copy of the Copyrights-in-Suit is attached as **Exhibit A**.

**THE PARTIES**

5.    Plaintiff is the owner of record of the Copyrights-in-Suit with a place of business at ███████████████████████████████████ .

1

6.      Defendants are all believed to be individuals, companies, and/or unincorporated business associations who, upon information and belief, reside in foreign jurisdictions. Defendants sell infringing products on Amazon.com, Alibaba.com, AliExpress.com, eBay, SHEIN, Shopify, Temu, Walmart, Wish.com, and other individual websites. (the "Online Marketplaces"). Since these Online Marketplaces do not require the true names and contact information of sellers to be posted publicly, and sellers may publicly use fictitious names, the public seller names used on the Online Marketplaces are unreliable. The true names, identities, and addresses of Defendants are currently unknown.

7.      Defendants conduct their operations through fully interactive commercial websites hosted on the storefront webpages of the . Each Defendant targets consumers in the United States, including the State of Virginia, and has copied Plaintiff's works protected by the Copyrights-in-Suit and displayed them in the promotion, advertisement, offer for sale, and sale of unauthorized products to consumers within the United States, including the State of Virginia and Eastern District of Virginia. For example, the unauthorized copies may be viewed in connection with purchases made by Virginia residents using the online order systems of these online platforms and delivered by these online platforms in this district.

8.      Through their operation of the Online Marketplaces, Defendants are directly and personally engaging in the displaying of the Copyrights-in-Suit in connection with the importation, offer for sale, and sale of unauthorized products as alleged, oftentimes as partners and/or suppliers. On information and belief, Defendants may intentionally or otherwise conceal their identities and the full scope of their infringing operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' infringing acts.

**JURISDICTION AND VENUE**

9.      This is an action for copyright infringement arising under the laws of the United States, 17 U.S.C. §101 et seq. This Court has original subject matter jurisdiction under 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

10.      This Court has personal jurisdiction over Defendants and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of copyright infringement within Virginia and this District. This Court has personal jurisdiction over Defendants, in part, because Defendants do continuous and systematic business in this District, including by offering the Accused Products and services to the residents of the Eastern District of Virginia through fully interactive websites that allow Accused Products to be purchased by Virginia residents and shipped to addresses in Virginia. Defendants knew the Accused Products would be used within this District, and have solicited business from the residents of the Eastern District of Virginia using online platforms such as Amazon.com, Alibaba.com, AliExpress.com, eBay, SHEIN, Shopify, Temu, Walmart, and Wish.com.

11.      Defendants from outside the United States have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

12.      This Court has Personal jurisdiction over non-U.S. based Defendants because they have supplied their products into this district and under the Federal Long Arm Rule, FRCP 4(k)(2)

(k)Territorial Limits of Effective Service (2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since Defendants directly target consumers in the United States, including Virginia, through at least the fully interactive commercial internet stores operating under the Defendants aliases and/or the online marketplace accounts identified in Schedule A attached hereto. Specifically, Defendants are reaching out to do business with Virginia residents by operating one or more commercial, interactive internet stores through which Virginia residents can purchase products in connection with the display and advertisement of infringing versions of Plaintiff's copyrighted work. The Defendants have targeted Virginia residents by operating online stores that offer shipping to the United States, including Virginia, accept payment in U.S. dollars and, on information and belief, has sold products in connection with the display and advertisement of Plaintiff's federally registered copyrighted work to residents of Virginia. Each of the Defendants is committing tortious acts in Virginia, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Virginia.

**BACKGROUND AND GENERAL ALLEGATIONS**

14.     ███ is a corporation based in Canada. The company was founded in ███ with the purpose of developing and distributing ███████████████████████ ██████████ .

15.     ███s principal product is the ████████████ a ██████ developed using advanced materials and technology that is designed to ████████████████████████

4

█████████████████████████████ addressing common issues such as slipping, snapping, and discomfort associated ██████████████.

16.    Since its inception, ████ has emphasized research and development in the creation of its products and ensures ethical manufacturing practices by producing clips under controlled conditions using high-quality material and skilled labor.

17.    The success of the ████ products is due in large part to Plaintiff's marketing, promotional, and distribution efforts. ████ has built a significant presence and reputation in the marketplace by combining its marketing efforts with its high-quality and reliable products. At present, ████ maintains more than 200,000 followers across social media platforms, reflecting both the popularity of its products and the goodwill associated with the brand.

18.    ████ maintains its own website, as well as a webstore on Amazon.com:



████ Amazon store achieved such great success that in its first month it was selected as an Amazon Choice (Overall Pick).

19.    Plaintiff has made extensive efforts to protect its interests in and to the ███ product images and video under the Copyrights-in-Suit to protect the creative content of ███ merchandise. No one other than the Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the artistic aspects of the copyrighted ███ product images and video without the express written permission of the Plaintiff. Exemplary deposits of the Copyrights-in-Suit are shown below:



18.     The success of the ███ product and its advertising efforts has resulted in Defendants' significant copying of its creative content protected by the Copyrights-in-Suit. Defendants have fully interactive websites and marketplace listings on various platforms including but not limited to Amazon.com, Alibaba.com, AliExpress.com, eBay, SHEIN, Shopify, Temu, Walmart, and Wish.com internet retail platforms. Defendants' target consumers in the United States, including the State of Virginia, and has offered to sell and, on information and belief, has sold and continues to sell infringing products that violate Plaintiff's intellectual property rights in the Copyrights-in-Suit to consumers within the United States, including the State of Virginia. Direct comparisons of Plaintiff's copyright office deposit with Defendants' advertisements are shown in **Exhibit B**.

19.     Upon information and belief, Defendants facilitates sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine ███ products.

20.     Upon information and belief, at all times relevant hereto, the Defendants in this action have full knowledge of Plaintiff's ownership of ███ copyrighted works, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated therewith.

21.     Defendants, without any authorization or license, have knowingly and willfully used Plaintiff's works protected by copyright without permission in connection with the advertisement, distribution, offering for sale, and sale of unauthorized products into the United States and Virginia over the Internet. Defendant Internet Stores offer shipping to the United States, including Virginia, and, on information and belief, Defendants have offered to sell unauthorized products into the United States, including Virginia.

22.     In an effort to illegally profit from the creative content of Plaintiff's copyrighted works without permission, Defendants have created numerous Defendant Merchant IDs and designed them to appear to be selling authorized products. **Exhibit B**.

21.     Defendants are individuals or business entities who, upon information and belief, reside in foreign jurisdictions. Defendants conduct business throughout the United States, including within Virginia and in this judicial district, through interstate commerce using the operation of the fully interactive commercial websites and online marketplaces operating as the Defendant Online Stores. Defendants target the United States, including Virginia, and have offered to sell and, on information and belief, has sold and continues to sell products with unauthorized use Plaintiff's copyrighted works in the United States, including Virginia and in this judicial district.

22.     The Defendant Online Stores share unique identifiers, such as design elements and similarities of the unauthorized copyrighted works, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Plaintiff is forced to file this action to combat Defendant's copies of Plaintiff's copyrighted works. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the valuable copyright, reputation, good will, the quality, and ability to license as a result of Defendants' actions and seeks injunctive and monetary relief.

23.  Plaintiff sells the ▮▮▮▮ product on its website at a retail price ranging from $25 for a single ▮▮▮▮▮ product to ▮▮▮▮▮▮▮▮▮

24.  Defendants sell extremely cheap and unreliable versions of Plaintiff's product using Plaintiff's copyrighted works. An example of one store is below, where the product is being sold for $0.63 per ▮▮▮▮▮ This price undercutting is consistent across all platforms.



The sale of cheap and low-quality products using Plaintiff's copyrighted images also damages Plaintiff's reputation as shown in one of the customer messages below:



25.  As a result of Defendants' infringement, Plaintiff is experiencing losses that are difficult to calculate, replace, or measure.

26.  As a result of Defendants' infringement, consumers are confused or cannot differentiate between authorized and non-authorized products.

27.   As a result of Defendants' infringement, Plaintiff has suffered market disadvantages that cannot be remedied without equitable relief. Plaintiff's market share is irreparably decreased as a result of infringing stores not being halted from advertising and selling copies of its copyrighted works.

28.   As a result of Defendants infringement, Plaintiff's ability to negotiate favorable license agreements is irreparably damaged for having to complete with the unlicensed infringing use of its copyrighted works. This invariably diminishes the value of Plaintiff's copyright.

29.   Defendants are trading upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering products for sale in connection with Plaintiff's copyrighted work. Like many successful business owners, the aggregated effect of the mass violations of Plaintiff's intellectual property rights by online sellers has overwhelmed Plaintiff. Nevertheless, Plaintiff has enacted a policy to enforce Plaintiff's copyright against the hundreds of anonymous defendants which are selling infringing products at prices below an original, authorized product, including this action against Defendants.

30.   Plaintiff maintains that business success can sometimes be limited to moments of popular demand in the marketplace. In any business venture, there can be limited time to exploit the work that is protected. In having to spend time and resources in enforcing its copyright Plaintiff is not enabled to fully exploit the popularity of its product. Additionally, Plaintiff is not able to realize the full benefit of its copyrighted works where Defendants have unrestricted ability to poach off of Plaintiff's success.

31.   Plaintiff has been and continues to be irreparably harmed through loss of control over Plaintiff's reputation, good-will, ability to license, and the quality of goods featuring the copyrighted works protecting the creative aspects of ███ copyrighted images and video.

32.     Defendant's conduct has made it unlikely that Plaintiff will ever gain exclusive control over the Copyrights-in-Suit due to the uncontrolled digital widespread distribution of Plaintiff's copyrights across the various Online Stores.

## COUNT 1
## COPYRIGHT INFRINGEMENT

33.     Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

34.     The ████ copyrighted works have significant value and has been produced and created at considerable expense.

35.     At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder. The ████ images and video are the subject of valid Copyright Registration Certificates issued by the Register of Copyrights. **Exhibit A**.

36.     The Defendants, without the permission or consent of Plaintiff, have, and continue to sell using online copies of the copyrighted images and video. The Defendants have violated Plaintiff's exclusive rights of reproduction and distribution. The Defendants' actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

37.     The foregoing acts of copying constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

38.     As a result of the Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

39.    The conduct of Defendants are causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyright and ordering that Defendants destroy all unauthorized copies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the ███ copyrighted images or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or is not authorized by Plaintiff to be sold in connection with Mello products;

b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale of the ███ products;

c. further infringing Plaintiff's copyrights and damaging Plaintiff's goodwill;

d. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyright in ███ products;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces, social media platforms,

Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Internet Stores, shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which use the ███ images and video, including any accounts associated with the Defendants;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from the Mello images and video; and

c. take all steps necessary to prevent links to the Defendants' accounts identified on from displaying in search results, including, but not limited to, removing links to the Defendants' accounts from any search index;

3) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

4) For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial or final judgement;

5) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Date: April 28, 2026

Respectfully submitted,

 /s/ *Erik N. Lund*

Erik N. Lund
elund@dnlzito.com
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
Robert B. Cadle (*pro hac pending*)
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

Verified by:

14