**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **XYZ,**<br><br>              **Plaintiff,**<br><br>**v.**<br><br>**THE UNINCORPORATED ASSOCIATIONS**<br>**IDENTIFIED ON SCHEDULE A,**<br><br>              **Defendants.** | **Civil Action No. 1:25-CV-_____** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION**
**FOR EXPEDITED DISCOVERY**

Plaintiff XYZ ("Plaintiff") by counsel, and pursuant to Federal Rule of Civil Procedure 26(d)(1), submits this Memorandum of Law in Support of it's *Ex Parte* Motion for Expedited Discovery.

**I.      Introduction and Summary of Action**

This action seeks to stop copyright infringement through the use of unauthorized copies being displayed and advertised in connection to the sale of products by Defendants, as identified on Schedule A of the Verified Complaint (collectively, the "Defendants"), which on information and belief, the majority are originally operating in foreign countries. In the Verified Complaint, Plaintiff filed against Defendants for copyright infringement pursuant to the Federal Copyright Act, 17 U.S.C. § 101, et seq. Plaintiff is the owner of three United States Copyright Registrations collectively referred to in the Complaint as the "Copyrights-in-Suit." Compl. ¶ 1.

**II.      Plaintiff is Entitled to Limited Expedited Discovery**

1

Plaintiff requests this Court to permit limited expedited third-party discovery from Amazon.com; Alibaba.com; AliExpress.com; eBay; Shopify; SHEIN; Temu; Walmart; and Wish.com (collectively the "Online Marketplaces") regarding each of Defendants' true identities, email addresses, contact information, sales information, and the value of each of Defendants' internal online seller accounts ("Merchant IDs"). Without this discovery, Plaintiff will not have accurate or reliable contact information for the Defendants, which is held confidentially by the Online Marketplaces, as well as the amounts of sales made in connection with the infringing activity that should be halted in the Defendants' store accounts to maintain the status quo and allow for proper accounting of damages.

Courts have "broad discretion" to supervise discovery. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). This latitude includes the ability to permit discovery to commence prior to a Rule 26(f) conference. See Fed. R. Civ. P. 26(d)(1) (allowing a party to conduct discovery without a Rule 26(f) conference if ordered by the court). While the Federal Rules of Civil Procedure can prohibit parties from engaging in discovery of any type before a Rule 26(f) conference, Fed. R. Civ. P. 26(d)(1), courts in the Fourth Circuit have allowed parties to serve third-party subpoenas before the 26(f) conference if the movant can show that "good cause" exists. *See Moore v. Doe*, No. 1:19-cv-01018-LMB-MSN, 2019 WL 13294603, at *1 (E.D. Va. Sept. 13, 2019).

The "well-established" test for determining good cause consists of five factors: "(1) a concrete showing of a *prima facie* case of actionable harm; (2) specificity of the discovery requests; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information; and (5) the party's expectation of privacy." *Strike 3*

*Holdings*, 2023 WL 8720700, at \*1 (citing *LHF Prods., Inc. v. Does 1-5*, No. 1:17-cv-00151-MR, 2017 WL 2960789, at \*1 (W.D.N.C. July 11, 2017) and quoting *Sony Music Ent. V. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)).

Plaintiff's Verified Complaint states a *prima facie* claim for copyright infringement that includes allegations that Plaintiff owns the Copyrights-in-Suit and that Defendants make unauthorized copies and display and advertise those copies in connection with products that are sold using the Plaintiff's copyrighted works. In addition, Plaintiff's proposed expedited discovery order serves only to discovery information limited to the number of sales related to the Product IDs and amount of many held by the Defendants in their accounts on the Online Marketplaces for each Defendant, as well as any name, email address, address, or telephone number associated with the Merchant ID accounts. Next, Plaintiff has no other way to reliably identifying Defendants are other than by court order granting Plaintiff leave to serve a Rule 45 subpoena and the information sought is necessary to effect service on Defendants. Last, the expectation of privacy is of minimal significance where Plaintiff seeks limited discoverable information. *See Apothecary Prod. LLC v. Doe*, No. 19-CV-2278 (PJS/HB), 2019 WL 13471384, at \*3 (D. Minn. Sept. 24, 2019) (holding that expectations of privacy was minimally significant in a patent infringement case because the plaintiff requested limited contact information from a third-party webstore).

The Fourth Circuit has not articulated a specific standard for analyzing motions requesting early discovery, but courts in this circuit and around the country have applied a "reasonableness" test that asks whether the plaintiff has shown good cause for expedited discovery. *See, e.g., Chryso, Inc. v. Innovative Concrete Solutions of the Carolinas, LLC*, No. 5:15-CV-115, 2015 WL

3

12600175, at *3 (E.D.N.C. June 30, 2015) ("apply[ing] the reasonableness-based test when a party seeks to conduct discovery prior to the Rule 26(f) conference in order to prepare for a preliminary injunction hearing").

Courts routinely find good cause to grant expedited discovery to enable a Plaintiff to identify John Doe defendants in intellectual property infringement cases. *See,* TRO Order, *Thousand Oaks Barrel Co., LLC v. The Partnerships, etc.*, No. 1:23-cv-1560 (E.D. Va. Nov. 16, 2023) (MSN/LRV), ECF No. 11 (granting expedited discovery); TRO Order *Thousand Oaks Barrel Co., LLC v. The Partnerships, etc.*, No. 1:23-cv-1563 (E.D. Va. Nov. 16, 2023) (MSN/LRV), ECF No. 14 (granting same); TRO Order, *Thousand Oaks Barrel Co., LLC v. The Partnerships, etc.*, No. 1:24-cv-0958 (E.D. Va. Jun. 21, 2024) (MSN/LRV), ECF No. 20 (granting same); TRO Order, *Shenzhen Ke Xiu Technology Co. Ltd, v. The Unincorporated Ass'ns*, No. 1:24-cv-1465 (E.D. Va. Aug. 21, 2024) (CMH), ECF No. 14 (granting same). Such expedited discovery is necessary to permit Plaintiff to identify the proper defendant(s), protect their rights, and obtain relief. *See Hard Drive Prods.*, 2011 WL 2634166, at *2. Accordingly, Plaintiff requests that the Court grant it permission to conduct limited expedited third-party discovery directed at third-party online retail platforms used by Defendants for the purpose of seeking to identify Defendants and the scope of each Defendants' activities giving rise to this action.

## III.    Conclusion

For the foregoing reasons, Plaintiff requests that this Court issue an order permitting expedited discovery of Schedule A defendants.

Date: April 28, 2026

Respectfully submitted,

___/s/___Erik N. Lund
Erik N. Lund
elund@dnlzito.com
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
Robert B. Cadle (*pro hac pending*)
rcadle@dnlzito.com
Tel. (202) 763-5086
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

5